## DUTY OF RAILWAY EMPLOYEES IN CROSSING TRACKS.

Circuit Court of Cuyahoga County.

THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY v. CHARLES BROOKS.

Decided, June 26, 1905.

*Railroads—Contributory Negligence—Duty of Employe to Look and Listen Before Going upon Tracks.*

It is the duty of employes whose duties require them to cross the tracks in the yards or at the depots of railways to observe a strict lookout, and they are required to look just before going upon the track, or so near thereto as to enable them to get across before a train within the range of their view of the track, going at the usual speed of fast trains, would reach such crossing.

*Brewer, Cook & McGowan,* for plaintiff in error.
*Wm. T. Clark* and *W. H. Boyd,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error is brought to reverse the judgment of the court of common pleas. The parties stand here in the relation opposite to that in which they stood below.

Defendant in error, while employed in the repair shops of the plaintiff in error, was struck by a backing engine and seriously injured, while in the act of crossing a track in the railroad yard right in front of the shop door. He brought an action for damages and recovered a large judgment. The only question that we need consider is whether Brooks is chargeable with contributory negligence, for we have no difficulty in coming to the conclusion that the company was negligent and that Brooks did not assume the risk of such negligence.

The facts were presented to us very vividly by means of diagrams and photographs. It is doubtful whether any useful purpose will be served by our attempting here to translate those pictures into words. Suffice it to say that Brooks had long been employed in the shop. At the time of the accident, however, he

was repairing a locomotive on one of the tracks in the yard, sixty or seventy feet diagonally from the shop door. He had expressed the opinion that the job ought to be done in the shop; but we attach no importance to that utterance. In order to obtain the tools which he needed from time to time for his job, he was obliged to go back and forth between his place of work and the shop many times a day, the tools being let out only two or three at a time by means of a check system. One of the yard tracks was close to and parallel with the front of the shop. Engines and cars passed along this track frequently, and Brooks had to cross the track in going backwards and forwards with tools. On this track, in the same general direction as Brooks' place of work, but farther on, there was a turn-table 110 feet distant from the shop door in front of which the accident occurred. From this turn-table many tracks radiated. Brooks noticed a large locomotive tender standing apparently alone on the turn-table when he started from his place of work towards the shop for a tool on the occasion of his injury. As a matter of fact a small engine was behind the tender, but obscured from view. He looked around once or twice as he walked in the wide space between the tracks towards the shop door, and saw the tender still standing on the turn-table. When opposite the shop door he started to step across the track and was struck by the tender which had come silently up behind him. The engine and tender started and ran 110 feet after he had last looked. It came up behind him at least twice as fast as he was walking. Was Brooks under all these circumstances excused from looking just before he started across the track? In his behalf it is claimed that he was excused because his workshop must be held in effect to have included his place of work and the intervening space, over which, in the course of his work, he was obliged to pass and repass.

It is claimed that he was entitled to a safe place to work, without the necessity of dodging engines and cars while intent upon his work. Defendant in error has at once aided and embarrassed us with a brief so voluminous that we can not discuss it in detail. There are however three recent decisions of the

Ohio Supreme Court on which he relies.  They are: *Railroad Company* v. *Margrat*, 51 O. S., 130; *C., C., C. & St. L.* v. *Kernochan, Admr.*, 55 O. S., 306; *Snyder, Admr.*, v. *C., C., C. & St. L. Ry. Co.*, 60 O. S., 487.

The Margrat case, so far as the syllabus goes, decides nothing but a question of fellow-servant.  On the facts as disclosed by the opinion it appears that Margrat, a brakeman, was by the nature of his duties and surroundings obliged to walk on the track at the time he was injured.  He was overtaken by an engine which he had seen on another track a long distance away and which he had no reason to suppose would come on his track at all.  And Margrat was at the time obliged to hurry with his mind intent upon his work.  It was a close case and it does not govern this one.

The Kernochan case is another one wherein a railroad man in the performance of his duties was necessarily on a track.  His hearing was obscured by the noise of the train passing on another track.  His sight was obscured by darkness.  Cars were backed down upon him, with no warning light or warning noise.  Without these he had not the means of protecting himself.  That case is not like this.

The Snyder case is that of a station agent who was obliged to stand on the main track while unloading a car on the adjacent track.  He was necessarily relying on the others to keep a lookout for his safety while he was intent upon his work.  That case is to be distinguished from the one in hand.

Plaintiff in error relies upon two later decisions of the same court.  First of these is *The Wabash R. R. Co.* v. *Skiles*, 64 O. S., 458.  The first paragraph of the syllabus in that case is as follows:

"The rule of law which excuses passengers from the obligation to observe a strict lookout for trains and locomotives when alighting from or getting upon trains over the tracks of a railway company, does not apply to employes whose duties require them to cross the tracks in the yards or at the depots of the railway."

We are totally unable to distinguish this case from the one at bar.  We think it necessarily refutes the theory that Brooks

was in contemplation of law in his employer's workshop and under no necessity to observe a strict lookout.

The other case is that of *The N. Y. C. & St. L. R. R. Co.* v. *Kistler*, 66 O. S., 326. True it is not the case of an employe; but, as we have just seen, the rule as to lookout is the same for employes, except under special circumstances, as it is for anyone else not a passenger. The fifth paragraph of the syllabus is:

"The looking required before going upon a crossing, should usually be just before going upon the track, or so near thereto as to enable the person to get across before a train within the range of his view of the track, going at the usual speed of fast trains, would reach such crossing."

Manifestly, Brooks did not look "just before going upon the track." If he had, he would been able to have seen the tender approaching. There was absolutely nothing to obscure his view. We can not escape the conclusion that he is as a matter of law chargeable with contributory negligence.

The judgment below must therefore be reversed, and inasmuch as the facts are conceded and admit of but one conclusion, we deem it not only proper but logically necessary that we should proceed as we do now, to render the judgment which the common pleas court should have rendered, and enter judgment for the plaintiff in error here.